IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA FLORES, # 30814-177, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA § <br> Respondent. § | | 3:10-CV-1490-N (BK) <br> (3:03-CR-188-N(08)) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se* motion to vacate, set aside, or correct the sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255. Petitioner Martha Flores is currently confined at FCI Danbury in Danbury, Connecticut. The court did not issue process in this case pending preliminary screening.

A jury convicted Petitioner of one count of conspiring to distribute cocaine, and the court sentenced her to 292 months imprisonment. *United States v. Flores*, 3:03-CR-188-N (N.D. Tex. Nov. 12, 2004). Petitioner appealed. The United States Court of Appeals for the Fifth Circuit affirmed her conviction and sentence on February 9, 2007. *United States v. Flores*, No. 04-11414 (5th Cir. 2007).

On July 27, 2010, Petitioner filed the instant section 2255 motion. In four grounds, she alleges her sentence was unreasonable and excessive, and that trial and appellate counsel

rendered ineffective assistance.[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999); Rule 4 of the Rules Governing Section 2255 Proceedings (providing for preliminary review and dismissal).

In accordance with *Kiser* and Rule 4, the court advised Petitioner of the one-year statute of limitations and granted her an opportunity to explain why this case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable grounds. On August 24, 2010, Petitioner filed her response.

The one-year limitations period is calculated from "the date on which the judgment of conviction becomes final . . . ." *See* 28 U.S.C. § 2255(f)(1).[2]

Petitioner's conviction became final on May 10, 2007, the last day on which she could have filed a petition for writ of certiorari from the decision affirming her conviction. *See Clay v. United States*, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13(1) (providing that a petition for writ of

---

[1] For purposes of this recommendation, the court deems the section 2255 motion filed as of July 19, 2010, the date on which Petitioner signed it and presumably placed it in the prison mail. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings.

[2] Sections 2255(f)(2)-(4) are inapplicable in this case. Petitioner has alleged no state created impediment, under § 2255(f)(2), that prevented her from timely raising the claims in this case. Nor does she base the grounds on any new constitutional right under section 2255(f)(3). With regard to section 2255(f)(4), the court determines that the facts supporting her grounds became or could have become known prior to the date on which her conviction became final.

certiorari "is timely when it is filed with the clerk of this Court within 90 days after entry of the judgment"). Under section 2255(f)(1), Petitioner had one year, or until May 10, 2008, to file a timely section 2255 motion. Therefore, Petitioner's section 2255 motion, deemed filed as of July 19, 2010, is clearly untimely.

In response to the court's show cause order, Petitioner asserts that she was unaware of the one-year statute of limitations, and claims that appellate counsel failed to advise her properly about her right to file a timely section 2255 motion. The court liberally construes the above argument as a request for equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (*per curiam*)). In *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2562 (2010) (quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

At the outset, the court notes that Petitioner requests equitable tolling on the basis of events that arose *before* the date on which her conviction became final. She relies on appellate counsel's February 23, 2007, motion to be relieved of the obligation to file a petition for writ of certiorari and to withdraw as counsel of record, which the Fifth Circuit granted on March 2, 2007. (Doc. #3 at Exh. A.) She also relies on counsel's March 26, 2007, letter, which advised Petitioner that he only practiced in the area of federal criminal appeals and that he had no experience in challenging a "conviction by motion to the U.S. district courts." (*Id.* at Exh. B.)

3

In the same letter, counsel also advised Petitioner that she should secure the necessary funds to retain an attorney to represent her in a section 2255 case. (*Id.*) It is axiomatic that events that precede the finality of a conviction are irrelevant for purposes of tolling the one-year limitations period on equitable grounds.

Even assuming counsel's communications occurred during the one-year limitations period, they do not justify equitable tolling. Petitioner's assertion that she is entitled to equitable tolling because appellate counsel failed to advise her of the one-year limitations period is patently frivolous. "The Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief." *See United States v. Morfin*, 2007 WL 837276, 3 (N.D.Tex. 2007) (dismissing section 2255 motion as time barred). *See also United States v. Petty*, 530 F.3d 361, 366 (holding that "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.").

The Fifth Circuit has recognized that only an attorney's intentional deceit with respect to the filing of a section 2255 motion may warrant equitable tolling if the petitioner reasonably relied on the attorney's deceptive misrepresentation. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). "'[M]ere attorney error or neglect is not an extraordinary circumstance'" justifying equitable tolling. *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002)).

In this case, appellate counsel repeatedly advised Petitioner that he did not know anything about filing a section 2255 case, and that Petitioner should retain an attorney to assist her in pursuing section 2255 relief. (*See also* Doc. 3 at Exh. C.) None of counsel's letters or

communications deceived Petitioner in any way regarding the filing of a section 2255 motion.

In addition, this case does not present the type of extraordinary circumstances and/or due diligence required for equitable tolling. Petitioner provides no explanation for the more than three-year delay between the date on which her conviction became final and the date on which she signed the section 2255 motion. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quotation and quoted case omitted); *see also Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Nor does Petitioner's unfamiliarity with the law or her *pro se* status justify equitable tolling in this case. *See United States v. Petty*, 530 F.3d 361, 365-66 (citing *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000), and *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)).

Clearly, Petitioner cannot carry the burden of establishing that equitable tolling is warranted in this case. *See Petty*, 530 F.3d at 365. Therefore, the court should refuse to apply equitable tolling and dismiss the section 2255 motion as time barred.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4 of the Rules Governing Section 2255 Proceedings.

SIGNED September 12, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE